[No. 15585.   Department One.—December 29, 1894.]

## C. H. HOLT, RESPONDENT, *v.* R. P. THOMAS ET AL., APPELLANTS.

INSOLVENT NATIONAL BANK—ASSESSMENT UPON STOCKHOLDERS—PAYMENT BY VENDOR OF STOCK—RECOVERY OF MONEY PAID—MISTAKE OF FACT.—Where an assessment is levied upon the owners of the capital stock of an insolvent national bank, in order to procure funds with which to pay the creditors of the bank, which it became the duty of the receiver of the bank to collect, a stockholder who appeared upon the books of the bank to be the owner of sixty shares, fifty shares of which he claimed to have sold to another person, cannot, after having voluntarily paid a percentage of the assessment on the sixty shares upon demand of the receiver, recover back money paid on the fifty shares of the stock, on the ground of mistake of fact, upon ascertaining that a surplus remained after other stockholders had paid in their assessments.

ID.—CONSIDERATION—VOLUNTARY PAYMENT.—The payment by the stockholder in whose name the stock stood, assuming that he did not own fifty shares of the stock, made in order to avoid litigation with the receiver, was upon sufficient consideration; and the payment thus voluntarily made, with knowledge of the facts, cannot be recovered back.

ID.—DURESS—THREAT OF SUIT.—It is not legal duress to threaten to or actually take advantage of the usual remedy by suit for the enforcement of a debt or obligation; and this is true even if the claim be illegal.

ID.—CONTROVERSY WITH VENDEE OF STOCK.—A controversy between the vendor and vendee of stock cannot be determined in an action against the receiver of a bank to recover money paid on account of the stock; but, if there are any rights or equities as between the vendor and vendee of the stock, it must be litigated in another form of action.

CV. CAL.—18

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Aylett R. Cotton,* for Appellants.

Threat of suit is not duress, and payment made under such threat is voluntary. (*Brumagim* v. *Tillinghast*, 18 Cal. 271; 79 Am. Dec. 176; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *Preston* v. *Boston*, 12 Pick. 12.)

*John Chetwood, Jr.,* for Respondent.

VAN FLEET, J.—This is, in substance, an action to recover the sum of seven hundred and fifty dollars, upon the ground that the same was paid under a mistake of fact.

Plaintiff had judgment, and from this and an order denying their motion for a new trial defendants appeal.

In December, 1888, the California National Bank became insolvent and closed its doors, and thereupon the defendant Young was, by the comptroller of the currency of the United States, appointed a receiver to take charge of the affairs of said bank, and pay the creditors thereof, in accordance with the provisions of the National Banking Act.

In order to procure funds with which to pay the creditors there was levied an assessment upon the capital stock of the said bank, which it became the duty of the receiver to collect. The plaintiff was a director of said bank, and his name, among others, appeared upon the books of the bank as the owner of sixty shares of the stock, and in due course he was notified by the receiver to come in and pay the assessment thereon. In response to this demand he claimed and represented to the receiver that he was the owner in fact of but ten shares of said stock; that he had sold fifty of the shares standing in his name to R. P. Thomas, the other defendant herein, but that said shares had never been transferred

to said Thomas upon the books of the bank. Plaintiff was informed by the receiver in effect that the latter had nothing but the books to go by, and that if the assessment was not paid it would be his duty to commence suit for its recovery. Thereupon plaintiff concluded to pay the assessment, and, by an amicable arrangement between him and the receiver, he was permitted to and did pay over to the receiver fifty per cent of the assessment on the sixty shares, amounting to eleven hundred and twenty-five dollars, and was given time to pay the balance, but never did so. Immediately after the receipt of said payment the receiver remitted the money to the comptroller of the currency, and the same was used and disbursed by the latter in payment of the creditors of said bank. At the date of this payment by plaintiff the fund collected by the receiver lacked something upwards of sixty thousand dollars of being sufficient to meet the demands of the creditors. Subsequently other stockholders paid their assessments, some partially and others in full, and as a result the creditors of said bank have been paid off, and there now remains a surplus of some five thousand dollars, which under the law will be returned to the stockholders of the bank. Upon ascertaining that a surplus remained the plaintiff instituted this action, the substantive averment in his complaint, as we regard it, being that he made the payment "for the special purpose of providing a fund to pay the creditors of said bank. That since making said deposit of seven hundred and fifty dollars the plaintiff has learned and he alleges the fact to be that said seven hundred and fifty dollars was not necessary to pay the creditors of said bank, and that a considerable surplus now remains in the hands of said receiver, amounting to the sum of several thousand dollars, and that said fund is being constantly increased." There are averments in the complaint as to a sale of fifty shares of the stock to the defendant Thomas, and other facts relative thereto, but we deem them wholly immaterial.

The determinative question presented by the appeal is whether the facts disclosed entitle plaintiff to recover as for money paid by mistake. We do not think they do.

There is no question of the right to recover money paid under mistake of a material fact and without consideration, but we do not think this such a case. The payment in this instance cannot be said to have been made under a misapprehension or mistake as to the facts. The circumstances calling for the payment were well known to and perfectly understood by the plaintiff. He knew that the assessment was levied and was being collected to procure funds to pay the creditors of the bank, and he made the payment voluntarily with that understanding. And it appears that the money was needed, and was in fact used, for that purpose. The fact that subsequently more funds were collected than were required to pay the creditors in full, and that a surplus now remains, does not disclose such a mistake of fact on the part of plaintiff as entitles him to recover. The stock standing in his name was primarily as liable for the assessment as that of any other stockholder, and, having paid voluntarily, he is no more entitled to recover his money than would be any other one of such stockholders. Nor was there a want of consideration for the payment. Assuming that he did not own the stock, if he saw fit to pay, in order to avoid litigation with the receiver, that was sufficient consideration. A payment thus voluntarily made with knowledge of the facts affords no ground for an action to recover it back. (Keener on Quasi Contracts, c. 2, and cases there cited; *Brumagim* v. *Tillinghast*, 18 Cal. 271; 79 Am. Dec. 176.)

The lower court seems to have proceeded upon the theory that plaintiff made his payment under duress, as it finds that " plaintiff was required under threat of suit to pay the same to the receiver for the benefit of the creditors of said bank." But that fact did not constitute duress. It is not legal duress to threaten to or

actually take advantage of the usual remedy for the enforcement of a debt or obligation. (*Brumagim* v. *Tillinghast*, 18 Cal. 271; 79 Am. Dec. 176; *Kohler* v. *Wells, Fargo & Co.*, 26 Cal. 606; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *Mayor etc.* v. *Lefferman*, 4 Gill, 425; 45 Am. Dec. 145.) And this is true even if the claim be an illegal one. (*Preston* v. *Boston*, 12 Pick. 12.)

Under the facts disclosed the plaintiff was not entitled to recover against either of the defendants. If there are any rights or equities as between plaintiff and the defendant Thomas growing out of the sale of plaintiff's stock which would entitle the latter to relief against Thomas, they must be litigated in another form of action.

The judgment and order denying new trial are reversed.

GAROUTTE, J., and HARRISON, J., concurred.