| 65 | 373 |
|----|-----|
| d70 | 188 |

THE GERMAN INSURANCE COMPANY, OF FREEPORT, ILLINOIS, v. GEORGE E. RUSSELL *et al.*

No. 12,063.   (69 Pac. 345.)

SYLLABUS BY THE COURT.

FIRE INSURANCE— *Condition Respecting Occupancy — Forfeiture of Policy.* Where a policy of insurance contains a condition that if the buildings insured "be or become vacant or unoccupied, . . . without consent indorsed hereon, . . . then, in each and every one of the above cases, this entire policy shall be null and void," and it is shown that the buildings were permitted to become vacant and unoccupied without the knowledge or consent of the company, and so remained for a period of twelve days,

but were reoccupied before any loss was sustained, *held,* that when the property became vacant and unoccupied without the consent of the insurance company the policy became immediately forfeited; and further *held,* that reoccupancy before the loss occurred did not revive the forfeited policy.

Error from Leavenworth district court; LOUIS A. MYERS, judge. Opinion filed July 5, 1902. *In banc.* Reversed.

*Quinton & Quinton,* and *N. E. Van Tuyl,* for plaintiff in error.

*John H. Atwood,* and *William W. Hooper,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This action was brought on an insurance policy for the loss of a residence destroyed by fire. The plaintiff below stated in his application that the property was occupied at the time as a dwelling for himself and family. The policy contained, among others, the following condition :

"This insurance contract is based upon the representations contained in the assured's application of even number herewith and which the assured has signed and permitted to be submitted to the company, and which is made a warranty and a part hereof; and it is stipulated and agreed that if any false statements are made in said application, or if the assured, without written permission hereon, shall now have or hereafter make or procure any other contract of insurance, whether valid or not, or if the above-mentioned buildings be or become vacant or unoccupied, or be used for any other purpose than is mentioned in said application, without consent indorsed hereon, . . . then, in each and every one of the above cases, this entire policy shall be null and void."

Within a year after procuring the policy, the as-

sured and his family removed from the property, which was situated in the city of Leavenworth, and moved to the city of Lansing, where they have ever since resided.   After the property was vacated by the assured, it was continuously occupied by his tenants until the 1st day of December, 1896, when the tenant then in possession vacated.   Thereafter it was vacant and unoccupied until the 12th day of December.   On the 13th or 14th day of December, the plaintiff commenced making repairs on the building, going from his home in Lansing, working on the property during the day and returning in the evening.   This continued until the 17th.   Thereafter he and his stepson, who was assisting him, slept in the house until, and including, the night of the 21st.   There was some old furniture, of no special value, in the house, which had been left by the assured when he moved to Lansing. They had provisions, did their own cooking, and ate in the house.   On December 22 the assured became sick, and he and his stepson returned to their home in Lansing.   He did not again return to the premises until after the fire, which occurred on the night of the 26th of December, and there is no evidence in the record that any person representing him was at the house after December 22.

The defenses to the action were:  (1) That the conditions and stipulations in the application were warranties on the part of the assured, one of which was that the house at the time was occupied as a dwelling by himself and family;  and it was contended that when the assured removed from the house and rented it to a tenant, it was a violation of the warranty and forfeited the policy;  (2) that, the property having become vacant on the 1st day of December, and so remaining until the 12th day of that month, without

the consent of the insurance company indorsed on the policy, the policy became immediately forfeited, null and void, and the company released from liability, although the premises may have been thereafter and prior to the fire reoccupied; (3) that the property became vacant on December 1 and so remained until it was destroyed by·fire, and for this reason the company was not liable. At the trial the plaintiff recovered judgment and the defendant prosecutes this proceeding. For the purposes of this opinion we shall treat the property as though it were occupied when the fire occurred.

The statement in the application that the property was then occupied by the assured as a dwelling for himself and family is not a warranty that it shall continue to be so occupied; it is only a warranty of the situation at the time the insurance is effected. (May, Ins. §§ 247, 248.) It is conceded that from the 1st to the 12th of December the property was vacant and unoccupied without the consent of the insurance company having been indorsed on the policy, and, in fact, without its knowledge.

The important question is, Did this vacancy terminate the policy or was the policy only suspended during this time and again revived upon a reoccupancy? We are of the opinion that, under the conditions of the policy, it was forfeited when the property became vacant and unoccupied without the consent of the company indorsed on the policy, and that no revival thereof could take place without the consent of the insurance company. The plain and unambiguous language of the condition in the policy that, "if the above-mentioned buildings be or become vacant or un-. occupied, . . . without consent indorsed hereon, . . . then, in each and every one of the above

cases, this entire policy shall be null and void," precludes an interpretation or construction that the policy should only be suspended during non-occupancy and revived again upon reoccupancy.

When a contract stipulates that it shall become void upon the happening of an event, and such event is brought about by one of the parties thereto, the contract as to such party is immediately terminated, and cannot by his acts, without the consent of the other party, be revived or vitalized. We have no concern with the reasons that suggested this provision. The parties might have had such a contract of insurance as they could have agreed upon, and, as they did agree upon this one, the court can give to the language used only its plain and obvious meaning. To us it appears beyond dispute that when the assured allowed his property to become vacant and unoccupied without the consent of the company indorsed on its policy, the policy by its terms became null and void, and it was not within his power thereafter, without the consent of the company, to reinstate it.

In *Insurance Co. v. Gibbons*, 43 Kan. 15, 22 Pac. 1010, 19 Am. St. Rep. 118, an action on an insurance policy containing a provision substantially like the one before us, where the property became vacant and unoccupied without the consent of the insurance company, and while in this condition was consumed by fire, it was held that the company was not liable. There are no exceptions in the authorities to the principle announced in that case. These decisions can only be sustained upon the ground, although not always stated, that when the property became vacant in violation of the condition of the policy, the policy became immediately forfeited. The courts deciding these cases did not commit the folly of interpolating into, or

adding to, the policies before them a condition that the insurer's liability was suspended during the period of non-occupancy and revived again upon reoccupancy. The parties themselves could have expressed this condition if it had been intended.

In *Girard F. & M. Ins. Co. v. Hebard*, 95 Pa. St. 45, 49, the policy sued on contained the following conditions :

"If the property be sold or transferred, or any change takes place in title or possession, whether by legal process or judicial decree, or voluntary transfer or conveyance, or if this policy shall be assigned before a loss without the consent of the company indorsed hereon, . . . then, and in every such case, this policy shall be void."

The court said :

"The express terms of the contract avoided the policy if either the property insured was transferred or the policy assigned, without the consent of the company indorsed upon the policy. It is not enough that notice of the transfer in the one case, or the assignment in the other, be given to the company. The contract requires that, in addition to the notice, the consent of the company must be obtained and must be indorsed on the policy. The duty of procuring these things to be done rests with the assured. If he fails in his efforts or neglects to comply with the whole of the requirements, the contract is at an end by force of its own terms."

In the case of *Moore v. Insurance Co.*, 62 N. H. 240, 13 Am. St. Rep. 556, it was held :

"A policy rendered void by the violation of a condition that the insured building shall not be unoccupied for a period of more than ten days without the insurer's consent indorsed on the policy is not revived by the subsequent occupation of the building."

In the above case the building was occupied at the

Insurance Co. v. Russell.

time of the fire, although it had been vacant more than ten days at one time prior thereto. On page 246 the court used this language :

"The strict and literal meaning of the stipulation that the policy shall be void if the premises remain unoccupied more than ten days is not that the insurance will be suspended merely during non-occupation after the ten days and will revive when occupation is resumed. In ordinary speech, a void policy is one that does not and will not insure the holder if the insurer seasonably asserts its invalidty. It might be argued that this clause should be so construed as to accomplish no more than the purpose for which it was inserted ; that its sole purpose was to protect the insurer against the risk resulting from non-occupation ; and that if this risk was terminated by reoccupation, the parties intended the insurance should be suspended only during the existence of the cause of a risk which the company did not assume. On the other hand, it might be argued that such an intention would have been manifested by words specially and expressly providing for a suspension and resumption of the insurance, and would not have been left to be inferred from the general agreement that the policy should be void ; that a final termination of the insurance at the end of ten days of non-occupation is plainly expressed by the provisions that the policy shall then be void ; and that the parties would not think it necessary to go further and provide that the void policy should not become valid on reoccupation."

If the provision of the policy in question is to be given any significance, it is not material that the property was destroyed after reoccupancy. Non-occupancy without the consent of the company forfeited the policy. Of what consequence, therefore, is it that, before loss, the property was reoccupied ? To guard against such provisions in insurance policies, many states, notably Michigan, Ohio, and Iowa, have enacted laws providing, in substance, that this and similar

Railway Co. v. Durand.

conditions shall not prevent a recovery, if it be shown that the failure to observe the condition did not contribute to the loss. We have no such statute.

It was suggested in the argument that the court properly overruled the motion for a new trial because it was not filed at the term of court at which the cause was tried. The record shows that the cause was tried on the 8th of February and the motion filed on the 10th, and considered and overruled. Under such circumstances, and in the absence of a showing that it was overruled because not filed at the term of court at which the trial was had, this court will not assume that it was not so filed.

The judgment of the court below is reversed, and the cause remanded with instructions to sustain the demurrer of the defendant to the plaintiff's evidence.

All the Justices concurring.