SIMS v. UNION ASSUR. SOC.

(Circuit Court, N. D. Georgia. September 30, 1903.)

No. 1,571.

1. BANKRUPTCY—ACTION BY TRUSTEE—JURISDICTION OF CIRCUIT COURT.

Where a bankrupt absconded a short time before the bankruptcy proceedings were instituted, but his family remained in the same place, he continued a resident there in such sense as to give a Circuit Court of the United States for that district jurisdiction of an action by his trustee against a foreign corporation to collect a demand in favor of the bankrupt involving the jurisdictional amount, under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552, 553 [U. S. Comp. St. 1901, p. 3431], which provides that suits by the trustee shall be brought only in the courts where they might have been brought by the bankrupt, if the proceedings in bankruptcy had not been instituted.

2. INSURANCE—PROOFS OF LOSS—AUTHORITY OF RECEIVER TO MAKE.

Proofs of loss under a fire insurance policy running to a bankrupt who had absconded may lawfully be made by a receiver appointed by the court of bankruptcy, and expressly authorized and directed by the order making the appointment to make such proofs.

**3.** SAME—RIGHT OF ACTION ON POLICY—FAILURE OF INSURED TO COMPLY WITH CONDITIONS.

Provisions of a policy of fire insurance, that "the insured * * * shall * * * submit to an examination under oath by any person named by this company and subscribe the same," and that no action shall be maintainable to recover on the policy until after full compliance by the insured with all its requirements, give to the company a substantial right, and the failure of the insured to appear for examination after a loss, in compliance with its demand, defeats an action on the policy, although such failure was due to the fact that the insured had absconded, and the action is brought by his trustee in bankruptcy.

**4.** SAME—CONSTRUCTION OF POLICY—RIGHTS OF RECEIVER.

A provision in an insurance policy that, where the expression "insured" is used therein, it shall include the "legal representatives" of the insured, does not entitle a receiver to take the place of the insured in answer to a demand by the company that the insured shall appear for examination under oath respecting a loss, as required by the policy, although the receiver was appointed for the express purpose of collecting the insurance; the insured having absconded and having been adjudged a bankrupt.

Action on Policy of Fire Insurance. Trial to the court by stipulation.

Gray, Brown & Randolph and Felder & Rountree, for complainant.
King & Spalding, for defendant.

NEWMAN, District Judge. George H. Sims, as trustee in bankruptcy, brings this suit against the Union Assurance Society on a policy of fire insurance issued to the bankrupt. By written stipulation of the parties the case is submitted to the court for trial upon the issues of law and fact raised therein without the intervention of a jury, and there is an agreed statement of facts. The property covered by the policy sued on was located in Macon, Ga., and was destroyed by fire on May 20, 1900. On May 29th, thereafter, E. G. Coffman, the insured, who resided with his family in Atlanta, absconded, and his whereabouts was unknown at the time the proceedings occurred which give rise to the questions raised in this case. Just prior to Coffman leaving Atlanta, a warrant was sworn out against him charging him with embezzlement of the funds of the Southern Agricultural Works, a concern with which he was connected in Atlanta, and which had failed. On the 8th day of June a petition in involuntary bankruptcy was filed against Coffman. Upon the filing of this petition in bankruptcy, George H. Sims was appointed receiver for the property of the bankrupt. On motion of counsel for petitioning creditors an order was entered, a part of which is as follows:

"That George H. Sims be, and he is hereby, appointed receiver as prayed, with authority and direction to hold and preserve the assets until this bankruptcy proceeding is dismissed or a trustee is qualified; that the said receiver be authorized and directed to make proofs of loss, and to comply with all the conditions of said policy of insurance, so far as he can, and to do everything that may be deemed necessary for the preservation and protection of the assets of said bankrupt, until the further order of the court."

Sims, as receiver, soon after his appointment as such, made up and furnished to the insurance company proofs of loss, verified by himself and B. E. Willingham, who was president of the B. E. Willingham Plow Company, which company had sold the property covered by the

policy of insurance to Coffman, and which company has an interest in the policy to the extent of the amount of purchase money due it by Coffman. An affidavit was also made to the truth of the proofs of loss by M. B. McAfee, who in his affidavit stated that:

"At the time the said policy was issued, and from that time until after the fire referred to in the foregoing proof of loss, the assured, E. G. Coffman, resided in Atlanta, Georgia, and from the 10th day of April, 1900, to the 29th day of June, 1900, and during the time when said fire occurred, deponent, as agent for the said Coffman, had charge and supervision of said property. That deponent was familiar with the same, having done considerable work on the machinery referred to in said proof of loss. That the allegations contained in said proof of loss are true, to the best of deponent's knowledge and belief."

Daniel W. Rountree, Esq., as attorney for Coffman, joined in the proof of loss. The agent of the insurance company acknowledged receipt of this proof of loss, but denied the right of the receiver to make the proof, claiming that it should be made by E. G. Coffman, the insured. No other objection was made to the proof of loss. The representative of the company also notified Mr. Sims and Daniel W. Rountree, Esq., as attorney for Coffman, that the company demanded the right to examine Mr. Coffman under oath at the time specified in the demand. Some correspondence ensued between Sims and the representative of the company, which simply set out the respective contentions as to the right of the company to require an examination of Coffman, under the circumstances. Coffman failed to appear at the time and place named for examination, but George H. Sims, receiver, was present with his counsel, and the counsel then and there tendered Sims to be examined by the defendant, or its agent or counsel, if they so desired. The insurance company, through its counsel, refused to examine Sims, and insisted on its right to examine Coffman.

The first question raised in this case is as to the right of the trustee in bankruptcy to sue in the Circuit Court of the United States for this district. Section 23 of the bankruptcy act controls in this matter, and that section reads as follows:

"(a) The United States Circuit Courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees as such and adverse claimants concerning the property acquired or claimed by the trustee, in the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant. * * *"

Act July 1, 1898, c. 541, 30 Stat. 552, 553 [U. S. Comp. St. 1901, p. 3431].

I think, under the facts shown here, this case is cognizable by the Circuit Court for this district. While it is true that Coffman had absconded a few days before the bankruptcy proceedings were instituted, it is agreed that his family continued to reside in Atlanta until some time after such proceedings were instituted and after this suit was brought against the insurance company by the trustee. The defendant is a foreign corporation, and it must be held that Sims was a resident

of this district at the time the right of action accrued, and the action is maintainable here by the trustee in bankruptcy.

The next question is as to the sufficiency of the proof of loss. Counsel for the insurance company earnestly contend that there is no authority on the part of the receiver in bankruptcy to make the proofs, and that, even with the affidavits of Mr. Willingham and Mr. McAfee, the proofs are still insufficient. I do not agree with this contention. The court by its order directed the receiver to make proofs of loss. The order to this effect was made in an ancillary proceeding in the bankruptcy case. It was a proceeding on the equity side of the bankruptcy court, and looking to the collection of the amount claimed to be due on this policy of insurance, and the preservation of the same for the benefit of the creditors. On such a proceeding, the court, in my opinion, could make an order appointing a receiver, who could be authorized, as this receiver was, to take preliminary steps looking to the collection of the loss on this policy. These proofs were strengthened, after they were sworn to by Sims, by the affidavits of Mr. Willingham and Mr. McAfee, as has been stated.

A more difficult question, however, is as to the right of the insurance company to require an examination under oath of the insured, and to set up the failure of the insured to appear for such examination as a defense in this action. A provision in the policy is that:

"The insured * * * shall * * * submit to an examination under oath by any person named by this company, and subscribe the same."

A further provision of the policy is that:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements. * * *"

This question was before the Supreme Court of Georgia in Insurance Company v. Sims, Trustee, 115 Ga. 939, 42 S. E. 269. From a careful examination of this decision, with the authorities therein cited, and quite a number of other pertinent authorities, I am satisfied that the decision of the Supreme Court correctly determines the law of this case. Reference to the able opinion in that case by Justice Cobb, and to the authorities cited by him, renders any further discussion of the question here unnecessary.

The right of the insurance company to have the insured himself appear for examination under oath is a substantial and important one. It is entirely different, in my opinion, from the right to make the preliminary proof of loss. There is a claim in the declaration in this case that the insurance company paid to the Willingham Plow Company the amount due the plow company by Coffman, being the interest of the plow company in the policy. This claim is met in the defendant's answer by the statement that the payment to the Willingham Plow Company was by way of compromise and settlement of its claim. There is nothing whatever in the agreed statement of facts upon this subject. It must be taken as a fact, therefore, that whatever was paid the plow company was by way of compromise of its claim; and even if a settlement in full of a claim of a third party to a part of the proceeds of a policy would be a recognition of liability on the whole policy, it cer-

tainly would not be so where the payment is made to such third party by way of compromise.

There is a provision in the policy that, where the expression "insured" is used, it shall include the "legal representatives" of the insured. I do not think a receiver, even when appointed, as in this case, for the particular purpose of collecting the insurance, can, in respect to the right of the company to an examination under oath, take the place of the insured.

Controlled by the provisions of the contract of insurance, and by the overwhelming weight of authority bearing thereon, I am compelled to hold that the failure of the insured to appear for examination under oath on the demand of the insurance company is a bar to a right of action in this case; and upon that ground judgment will be rendered in favor of the defendant.