INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, Plaintiff-Appellee,

v.

Nina HOWARD, Defendant-Appellant.

No. 80–3425.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 1982 [1].

Decided June 7, 1982.

---

1. The panel has unanimously decided that this case is appropriate for submission without oral argument.

Chester Scott, P. C., Independence, Or., for defendant-appellant.

Elizabeth K. Reeve, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for plaintiff-appellee.

Before FLETCHER, FERGUSON and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

In 1972, Mr. and Mrs. Howard, residents of Oregon, purchased a home owner's policy from Insurance Company of North America, a Pennsylvania corporation. Thereafter, the policy was renewed from time to time, the last policy being issued on or about May 20, 1978. In March of 1978, Mr. Howard died. In September of 1978, Mrs. Howard started spending a substantial portion of her time in another residence in Oregon and moved portions of her furniture to that other residence. On January 28, 1979, she leased the insured home for a one-year period, commencing February 1, 1979, subject to termination by either party upon 30 days' notice. She left some highly treasured furniture in the home, and testified at her deposition that she rented it because she had intended to visit Florida and did not want the house to be vacant for any length of time. She also testified that she did not want to give up her home and had not made any final decision whether to do so.

Two weeks after Mrs. Howard rented her home, it burned down. Mrs. Howard filed a timely proof of loss statement for $26,565.00, although her home was worth more than that, because the basic policy coverage was limited to $25,000.00. Her insurance company filed a diversity action in the district court seeking declaratory relief. It contended that because Mrs. Howard had rented her home she was not entitled to coverage under the policy. Mrs. Howard filed a counterclaim seeking judgment in the amount of the claim she had filed with the insurance company.

Both parties filed motions for summary judgment. The district court awarded summary judgment to the insurance company. Mrs. Howard appeals. We reverse.

■ The district court relied primarily on the following provision in the insurance policy:

I. COVERAGES

Coverage A. Dwelling. Coverage A insures, subject to the Exclusions and limitations stated herein, the described residence owned and occupied by the insured exclusively for residential purposes, ...

The district court found the provision "unambiguous," saying that it required the policyholder to occupy the residence herself during the entire time the policy was in effect or forfeit coverage under the policy. We also find the provision unambiguous. However, we find that it has a wholly different effect than the district court thought. The provision describes the residence covered at the time of the issuance of the policy. It contains a representation that the insured is the homeowner and occupant and that the insurance is not being purchased by a third party. It does not impose a condition requiring the policyholder to continue to live in the residence.

Neither party cites any Oregon decision interpreting language similar to that contained in the provision. Nor did the district court in its brief order. Plaintiff insurance company cites *Bryan v. United States Fire Insurance Co.*, 456 S.W.2d 702 (Tex.Civ.App. 1970) in support of the district court's interpretation. Mrs. Howard cites *Reid v. Hardware Mutual Insurance Co. of Carolinas*, 252 S.C. 339, 166 S.E.2d 317 (1969). We find that the latter case and the authorities on which it relies far more pertinent and persuasive. The policy in *Bryan* expressly provided that coverage was afforded "*while occupied by the insured.*" The policy before us does not. As the court said in *Reid,*

[A] description of a house in a policy of insurance, as "occupied by" the insured, is a description merely and is not an agreement that the insured should continue in the occupation of it. *Joyce v. Maine Ins. Co.*, 45 Me. 168; *O'Niel v. Buffalo Fire Ins. Co.*, 3 N.Y. 122. A statement in an insurance policy that the property is occupied by the insured as a dwelling for himself and family, is not a warranty that it shall continue to be so occupied but is only a warranty of the situation at the time the insurance is effected. *German Ins. Co. v. Russell*, 65 Kan. 373, 69 P. 345, 58 L.R.A. 234.

There is no provision in the policy contract that the dwelling would be "owner occupied" during the term of the insurance contract. . . .

*Id.* at 321.

■ In interpreting state law in a diversity case we are required to apply the law as we believe the Supreme Court of the state would apply it. *See Kabatoff v. Safeco Ins. Co.*, 627 F.2d 207, 209 (9th Cir. 1980). We believe the Oregon Supreme Court would adopt the same reasonable, enlightened view of the effect of the "owned and occupied" language which the South Carolina court has adopted. We conclude that, under Oregon law, if an insurance company wishes to have a homeowner's policy terminate upon rental of his home, it must so provide explicitly and unambiguously in the policy of insurance, and that a mere statement in the policy that he is the owner and occupant is wholly insufficient for this purpose. Under any proper view of the law, a homeowner is entitled to be given specific

and unequivocal notice in the insurance policy that his coverage will be forfeited upon his rental of his home so that if a death in the family, other changes in family or economic circumstances, or even just a desire to change his way of life, causes him to move from his home, he may make whatever other insurance arrangements are necessary to protect the asset which often represents all the remaining proceeds of a lifetime of labor.[2]

■ The parties cite a number of other provisions of the insurance policy in support of their respective positions. A close analysis of the other provisions establishes that if they are applicable at all, they support Mrs. Howard's contention that she did not forfeit her rights under the insurance policy. We need mention only two here. Section One, paragraph II E excludes from coverage buildings used for any "business." Section One, paragraph VIII A 4 defines the term "business," and provides that the term shall not include "the occasional rental or holding for rental of the whole or any portion of the residential premises for dwelling purposes."[3] Plaintiff insurance company contends that the rental here involved was not an "occasional" rental. We believe it was. A recent widow who leases her home for a one-year period (with or without a 30 day cancellation provision) while she attempts to resolve her future plans has certainly not gone into the business of renting homes. Her action was a temporary expedient and constituted an occasional rental.

■ Our conclusion with respect to the proper interpretation of section One, para-

---

**2.** Moreover, even if the provision in question here were considered ambiguous, Mrs. Howard would prevail since under Oregon law any reasonable doubt must be resolved in favor of the insured. *Allen v. Continental Casualty Co.*, 280 Or. 631, 572 P.2d 617 (1977).

**3.** The provisions we discuss in this part of our opinion are of doubtful applicability to the covered residence. Section One, paragraph II does not apply to "property specifically identified and described in the declarations of this policy." It seems clearly to relate to property other than the primary residence. Section One, paragraph VIII A 4 is relevant, if at all, because

of the definition of the term business as it is used in Section One, paragraph II E. However, since the parties both relied to some extent on those provisions, we discuss them here. Other provisions mentioned by the parties seem equally inapplicable, since they also generally apply to property other than the insured residence, such as appurtenant buildings. In any event, contrary to the statement of the district court, an interpretation of the "owned and occupied" language as a representation rather than a condition is in no way inconsistent with the other specific provisions of the policy, whether viewed individually or as a whole.

graph VIII A 4 is buttressed by the fact that the definition of the term "business" set forth in that section must be applied to that term as used in section One, paragraph II E. Paragraph II E is an exclusionary clause. The rule that ambiguities must be resolved in favor of the insured is even stronger when we are required to interpret exclusionary clauses. *Waterman Steamship Corp. v. Snow*, 222 F.Supp. 892, 896 (D.Or. 1963), *aff'd sub nom., General Accident Fire and Life Assurance Corp. v. Snow*, 331 F.2d 852 (9th Cir. 1964).

 We note that the district court cited no authority, let alone any Oregon authority, in support of its conclusions as to the meaning of the provisions of the insurance policy. It merely noted two Oregon cases for the proposition that where the language of an insurance policy is unambiguous "interpretation of the language is . . . a question of law." We ordinarily view a district court's interpretation of contract language *de novo*. *Bank of California, N.A. v. Opie*, 663 F.2d 977, 979 (9th Cir. 1981). Normally we accord deference to a district court's interpretation of the substantive law of the state in which the court sits. However, where the district court relies on state law which offers only "general guidance," the district court's decision is entitled to "little or no special deference". *Id.* at 980. Since the district court neither cited nor discussed any Oregon law pertaining to the issue it was required to decide, its decision is entitled to no deference whatsoever.

Appellant was entitled to summary judgment. That judgment should now be entered in her favor.

REVERSED.