KILKENNY, Circuit Judge:
McKesson Drug Company (McKesson) appeals from a decision of the bankruptcy appellate panel, 22 B.R. 60, reversing the court’s determination that McKesson’s lien in the personal property of Mistura, Inc. was superior to the lien of Lee and Ann Marcus (Marcuses). The bankruptcy appellate panel remanded for a new trial. We affirm.[1]
FACTS
The Marcuses sold a drug store to Mistura, Inc. taking back a security interest in the fixtures and personal property for the unpaid balance of the purchase price. They filed a financing statement on June 15, 1977. However, only the lien on fixtures, not the lien on personal property, was perfected because the Marcuses filed the statement with the Maricopa County Recorder, rather than the Arizona Secretary of State as required by Arizona law.
Subsequently, Mistura sought additional financing and obtained a loan from McKesson secured by the same collateral. McKesson properly perfected its security interest by filing a financing statement with the Arizona Secretary of State on September 5, 1979. Upon learning of their improper filing, the Marcuses filed a financing statement with the Secretary on September 12, 1980.
Absent the effect of Ariz.Rev.Stat.Ann. § 44-3140(B), UCC § 9-401(2), it is conceded that McKesson would prevail since it perfected its security interest prior to the Marcuses. However, the Marcuses contend that their good faith filing with the Maricopa County Recorder was effective against McKesson because it had knowledge of the contents of the improperly filed financing statement.
STANDARD OF REVIEW
As an appellate court, this court is in as good a position as the bankruptcy appellate panel to review the findings of the bankruptcy court. See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101 (CA3 1981). This court reviews the bankruptcy court’s findings of fact by the standards the bankruptcy appellate panel should apply, namely, the “clearly erroneous” standard. In re Visiting Home Services, Inc., 643 F.2d 1356, 1359 (CA9 1981); Universal Minerals, supra, 669 F.2d at 102.
Additionally, although questions of law are freely reviewable by this court, where there is no definitive guidance from the state courts, substantial deference will be accorded the district court’s interpretation of the law of the state in which it sits. Knaefler v. Mack, 680 F.2d 671, 675-76 (CA9 1982); Lewis v. Anderson, 615 F.2d 778, 781 (CA9 1979). This interpretation of state law will be accepted on review unless' it appears to be clearly wrong. Id.; Gaines v. Haughton, 645 F.2d 761, 770 (CA9 1981), cert. denied, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982). However, where the district court relies on state law which offers only general guidance, its decision is entitled to little or no special deference.[2] Insurance Co. of North America v. Howard, 679 F.2d 147, 150 (CA9 1982); Bank of *1498 California, N.A. v. Opie, 663 F.2d 977, 980 (CA9 1981).
ISSUE
The sole issue on appeal is whether the bankruptcy appellate panel properly refused to accord substantial deference to the bankruptcy court’s interpretation of Ariz. Rev.Stat.Ann. § 44-3140(B), UCC § 9-401(2), in reversing its determination that McKesson’s lien was superior to the Marcus-es.
MERITS
Section 44-3140(B) provides a careless creditor with some protection when a filing is made in good faith in an improper place. It provides:
A filing which is made in good faith in an improper place or not in all of the places required by this section is nonetheless effective with regard to any collateral as to which the filing complied with the requirements of this article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement. [Emphasis added].
No Arizona courts have interpreted the requisite knowledge requirement in the above statute. Therefore, the bankruptcy court was obligated to sit as a state court and “look for guidance from ... courts in other jurisdictions which have recently considered the issue.” Lewis v. Anderson, supra, 615 F.2d at 781. Other jurisdictions, however, are not in accord as to the meaning or application of the phrase “knowledge of the contents of such financing statement.”
Several courts have held knowledge of a creditor’s prior security interest to be “knowledge of the contents of such financing statement.” See, e.g., In re Davidoff, 351 F.Supp. 440, 10 UCC Rep 725 (SD NY 1972); In re Komfo Products, 247 F.Supp. 229, 2 UCC Rep 1107 (ED Pa.1965); In re Enark Industries, Inc., 86 Misc.2d 985, 383 N.Y.S.2d 796, 19 UCC Rep 685 (1976). This line of cases assumes that knowledge of the security interest provides the subsequent creditor with knowledge of the contents of the financing statement. Other courts, however, have reached the opposite result. See, e.g., United States v. Waterford No. 2 Office Center, 29 UCC Rep 1680 (Ga.1980); In re Trivett Jahn v. North American Van Lines, 12 B.R. 373, 32 UCC Rep 1206 (Bkrtcy. ED Tenn.1981); In re Advertising Distributors of America, Inc., 2 UCC Rep 548 (ED Oh.), aff’d, 3 UCC Rep 225 (ND Oh.1965).
It is clear that the courts have almost universally required actual, rather than constructive, knowledge of the general contents of the financing statement. However, the nature of the actual knowledge required varies substantially across a broad spectrum. To complicate matters, “the Code provides no further guidance as to where on the spectrum from ‘should have found out’ to ‘actually eyeing the maverick [financing statement]’ the correct solution lies.” White and Summers, Handbook of the Law Under the Uniform Commercial Code, p. 949 (2d ed. 1980).
In the instant case, the bankruptcy court properly placed the burden of proof on the Marcuses to prove that McKesson had actual knowledge of the contents of the financing statement. However, it failed to further elaborate on the nature of the actual knowledge that was required to satisfy the provisions of § 44-3140(B). We find that without this determination, and in light of the divergence of views on the requisite nature of actual knowledge required, the statute was not properly construed.
Accordingly, we hold that the bankruptcy appellate panel did not err in refusing to give the bankruptcy court’s interpretation the usual deference. See Insurance Co. of North America, 679 F.2d at 150; Bank of California, N.A., 663 F.2d at 980. In addition, we hold that given an opportunity the Arizona Supreme Court would follow the line of cases holding that knowledge of the facts contained in a financing statement, even though learned in ignorance of the improperly filed financing statement, satisfies the requisite knowledge *1499 requirement of the statute. The statute by its terms requires “knowledge of the contents of such financing statement,” but does not require an examination of the financing statement itself.
On remand, the Marcuses must prove that McKesson had actual knowledge of the contents of the financing statement, which generally includes the names of the debtors and creditors and an adequate description of the collateral. Any evidence, whether direct or circumstantial, “having any tendency to make the existence of” McKesson’s knowledge of the Marcuses security interest and its contents “more probable . . . than it would be without the evidence” will not be excluded on the basis of relevance. FRE 401. This includes financial statements and other documents that McKesson would have examined prior to making the loan to Mistura.
CONCLUSION
The case is remanded for further proceedings consistent with this opinion.

. Jurisdiction is conferred upon this court by 28 U.S.C. § 1293(a), which provides:
“The court of appeals shall have jurisdiction of appeals from all final decisions of panels designated under section 160(a) of this title.”
While the effective date of this statute is April 1, 1984, Congress provided for appellate jurisdiction of this court to be the same as jurisdiction under the above provision during the transition period. Pub.L. 95-598, Title IV, § 405(c)(2), 92 Stat. 2685. In re Rubin, 693 F.2d 73, 75 n. 1 (CA9 1982); In re Callister, 673 F.2d 305, 306 (CA10 1982).

. This court generally will defer to the district court’s interpretation of the law of the state in which it sits, but occasionally situations arise, such as the situation confronting us in this *1498 case, which require that we dispense with the usual deference.