FILED

**NOT FOR PUBLICATION**

JAN 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOLORES ALVAREZ,

           Plaintiff-Appellant,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

           Defendant-Appellee.

No.   19-35790

D.C. No. 3:18-cv-01778-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 6, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District
Judge.

      Plaintiff-Appellant Dolores Alvarez (Alvarez) appeals the district court's

grant of summary judgment in favor of Defendant-Appellee Country Mutual

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

Insurance Company (Country Mutual).  Reviewing *de novo*, we reverse.  *See*

*Westport Ins. Corp. v. California Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir.

2019) (reviewing summary judgment ruling *de novo*).

The outcome of this case is controlled by our decision in *Insurance Co. Of*

*N. Am. v. Howard*, 679 F.2d 147, 149 (9th Cir. 1982) (holding "under Oregon law,

if an insurance company wishes to have a homeowner's policy terminate upon

rental of his home, *it must so provide explicitly and unambiguously in the policy of*

*insurance* and . . . a mere statement in the  policy that [the insured] is the owner

and occupant is wholly insufficient for this purpose") (emphasis added).

In *Howard*, the homeowner's policy provided coverage for "the described

residence owned and occupied by the insured exclusively for residential purposes."

*Id.* at 148.  We held that this policy provision did not "impose a condition requiring

the policyholder to continue to live in the residence."  *Id.*  The language in

Alvarez's policy contained similar language, defining the covered premises as

"[t]he dwelling on the residence premises."  In turn, the policy defined "[r]esidence

premises" in pertinent part as "[t]he one or two family dwelling where 'you'

principally reside."  As in *Howard*, this language did not "explicitly and

unambiguously" inform Alvarez that she would lose coverage if she rented her

home and no longer resided there.  *Id.* at 149.  This language relied on by Country

2

Mutual amounted to a mere description of the covered premises rather than an agreement that the insured would continue to reside in the home.  *See id.*

Because the policy language did not provide specific and unequivocal notice to Alvarez that her coverage would terminate upon rental of her home, entry of summary judgment in favor of Country Mutual was contrary to our holding in *Howard*.  *See id.*

**REVERSED.**