WILLIAM H. D. JOYCE *versus* MAINE INSURANCE COMPANY.

A description of a house in a policy of insurance, as "occupied by" the insured, is a description merely, and is not an agreement that the insured should continue in the occupation of it.

The question whether certain specified facts would increase the rates of insurance upon the property insured does not relate to matters of science or skill.

Such a question calls for the opinion of the witness upon the influence which certain facts would have upon others, and whether they would be induced thereby to charge higher rates of premium; and it is inadmissible.

The insured was bound by the terms of his policy to give notice to the company, if. any thing should occur by the acts of others to increase the risk, the company thereupon having the right, at their option, to terminate the insurance. The risk was so increased, and the insured gave the company no notice; the house was subsequently destroyed, but the fire originated from causes in no way connected with the facts by which the risk had been increased. *It was held* that, as it could not be certainly assumed that the company, if notified, would have terminated the insurance, the liability of the company upon the policy still continued.

THIS was an action upon a policy of insurance, dated Sept. 17, 1855, upon the house of the plaintiff. The house was destroyed by fire, February 19, 1856, and notice thereof was given to the company. The plaintiff occupied the house himself at the time when the policy was obtained; but he subsequently moved out of it, and it was unoccupied at the time of the fire.

The defendants, at the trial before APPLETON, J., introduced an expert in insurance business, and proposed to ask him, whether, in his opinion, the rate of premium for insurance would be increased by vacating a dwellinghouse? The question was excluded.

The defendants then offered to prove that a small stable, which stood thirty feet from the house insured at the date of the policy, on land owned by another person, was afterwards, before the fire, by parties, not under the control of the insured, moved within fourteen feet of the house; and that no notice was given to the company by the assured of such increased risk, as he was bound to do by the terms of his policy,

though a reasonable time therefor had elapsed. But, it being admitted that the fire originated in the house insured, and was not communicated from any other building, the Court ruled that the facts offered to be proved would constitute no defence.

The Court also ruled that the words in the policy—"one story dwellinghouse occupied by" the insured—were words of description, and did not imply a warranty that it should be occupied by him during the term.

The defendants, thereupon, submitted to a default, subject to the opinion of the full Court upon the correctness of these rulings.

*Shepley & Dana,* for the defendants, argued:—

1. That the question proposed and excluded should have been admitted. It was clearly within the rules regulating the testimony of experts. 1 Greenl. Ev. § 440; *Webber* v. *Eastern R. R. Co.,* 2 Met. 147; *Hawes & al.* v. *New England Ins. Co.,* 2 Curtis, 229.

2. The plaintiff was bound by the terms of his policy to give the company notice of any increase of risk. And a neglect to communicate to the company any facts within the knowledge of the assured, which are material to the risk, will render the policy void. Angell on Fire and Life Ins. § 175.

3. If the plaintiff had notified the company of the increased risk, they would have terminated the insurance; and, by his neglect, they were discharged from their liability thereon.

*Howard & Strout* argued for the plaintiff.

The question proposed to the witness, as an expert, was properly excluded. It did not relate to a matter of science or skill, but called for the opinion of the witness upon the very fact to be determined by the jury. 1 Greenl. Ev. § 441; *Campbell* v. *Rickards,* 5 B. & A. 840; *Durell* v. *Bederley,* 1 Holt's Cas. 283; *Carter* v. *Boehm,* 3 Burr. 1918.

The question, whether the risk for insuring an unoccupied house would be greater than if occupied, is not one of science, but of mere conjecture, upon which there might be end-

less diversity of opinion. *Jefferson Insurance Co.* v. *Cotheal*, 7 Wend. 72.

The increase of risk by the acts of other parties did not affect the policy, if they in no way caused the loss. Angell on Fire and Life Ins. § 162; *Stebbins* v. *Globe Ins. Co.*, 2 Hall, (N. Y.,) 632.

The words of description in the policy were no agreement as to future occupation. *Catlin* v. *Springfield Insurance Co.*, 1 Sumner, 434; *O'Niel* v. *Buffalo Fire Ins. Co.*, 3 Comst. 122.

The opinion of the Court was drawn up by

TENNEY, C. J.—In the defence of this action, which is on a policy of insurance against a loss by fire, the opinions of certain persons, who were shown to have had experience in the business of insurance, as to the comparative risk of a dwellinghouse, which had been vacated after the occupation thereof, and when the occupation had continued;—and, whether the premiums of insurance would or would not be increased in consequence of the owner vacating the house, were offered, and, on the plaintiff's objection, excluded.

None of the inquiries related to matters of science and skill. 1 Greenl. Ev. § 440. A witness cannot give his views on the manner in which others would probably be influenced, if the parties acted one way or the other. Therefore, the opinion of a person conversant with the business of insurance, upon a question whether a premium would have been increased by the communication of certain specified facts, has been held inadmissible. 1 Greenl. Ev. § 441 and note (1) and (2).

The defendants offered to prove that a small stable, standing on a lot adjoining the one upon which the dwellinghouse insured was situated, owned by a third person, was removed to a spot nearer to the house insured, than that on which it stood at the date of the policy, and had been raised in height, and increased in other respects; this evidence was excluded on the plaintiff's objection.

It is stated in the policy, that " this policy is made and ac-

cepted in reference to the application for it, and to the conditions hereto annexed, which are hereby made a part of this contract, and are to be resorted to, in order to ascertain and determine the rights and obligations of the parties hereto, in all cases, not herein otherwise specially provided for." In the conditions referred to, as stated in the body of the policy, is the following, in number 4. — "If, after insurance is affected on any building or goods in this office, &c. the risk shall be increased, by any means whatsoever within the control of the assured, or if such building or premises shall, with the assent of the assured, be occupied in any way so as to render the risk more hazardous than at the time of insuring, such insurance shall be void and of no effect. If, during the insurance, the risk be increased, by the erection of buildings, or by the use or occupation of neighboring premises or otherwise, of which prompt written notice shall be given to the company by the assured, or if for any other cause the company shall so elect, it shall be optional with the company to terminate the insurance, after notice given to the assured or his representative, of their intention to do so, in which case the company will refund a ratable portion of the premium."

By the former of the two periods, quoted from the conditions, the acts of the assured, therein specified, are to be followed by a forfeiture of all benefit from the policy. In the latter, it is otherwise. If the evidence offered would embrace such a case as last described, which may well be doubted, but upon which no opinion is given, such use of the neighboring premises does not avoid the policy; but prompt notice to the company is alone required by the terms of the condition. The company cannot assume that they would have terminated the insurance, if the notice had been given of the removal of the stable from one part of the lot to another, of which the plaintiffs had no control, and, as the fire which destroyed the building was not due to the removal of the stable, no injury would be proved to have been done to the company, if this evidence had been admitted.

The house insured is represented in the policy as occupied in part by William H. D. Joyce. This cannot be an agreement that he should continue in the occupation, but it is merely descriptive of the house, such as is common in a deed of conveyance.

We are satisfied that the rulings were free from legal error. — According to the agreement of the parties, judgment is to be entered for the plaintiff.

HATHAWAY, CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.