Points Decided.

(June 22, 1926.)

FARMERS & MERCHANTS' BANK, a Corporation, Respondent, v. HARTFORD FIRE INSURANCE CO., a Corporation, Appellant.

[253 Pac. 379.]

MOTION FOR NEW TRIAL—AFFIDAVITS NOT FILED IN TIME—CROP INSURANCE — CHANGE OF OWNERSHIP OF LAND — EFFECT — PROOF OF LOSS WAIVED—INSURABLE INTEREST—RIGHTS OF MORTGAGEE.

1.   In view of C. S., sec. 6890, there is no authority for considering, in connection with motion for new trial, affidavits filed by movant more than ten days after service of notice of motion for new trial, no extension of time for service appearing and no extenuating circumstances being shown.

2.   Under C. S., sec. 6890, where neither notice of motion nor motion for new trial specified that motion would be made on affidavits, they may not properly be filed and considered.

3.   Insurer is not relieved from liability under policy, insuring against damage to crop from the elements, by insured, who held the land on contract for purchase, making assignments whereby he parted with all right and interest in the property to the vendors, the policy placing no restraint on alienation of the land, and not making recovery dependent on ownership or possession of the premises by insured at time of loss.

4.   There was no "abandonment" of insured crop, within policy thereon, by insured merely alienating the land, the crop being properly protected and harvested.

5.   Where insurer's manager having general supervision of the class of insurance in question, after acknowledging receipt of claims of loss, said the company would consider insured had complied with the policy conditions, and that it would not be necessary to furnish further data concerning the claim, there was a waiver of furnishing further proof of loss, notwithstanding provision in policy against waiver by statement of agent, adjuster or other representative of company.

6.   Mortgagee under loss payable clause in insurance policy may recover for itself to extent of its mortgage debt and hold the surplus for benefit of insured.

7.   Insured owners of crop being indorsers of note to bank secured by mortgage on crop, retained an insurable interest in the

crop, measured by the extent of their liability on the mortgage, after assigning their contract for purchase of the land and releasing their interest in the insured crop.

8. Under loss payable clause in insurance policy, mortgagee is appointee of insured, with right to recover measured by that of insured.

APPEAL from the District Court of the Ninth Judicial District, for Madison County.  Hon. G. W. Edgington, Judge.

Action on insurance policy.  Judgment for plaintiff. *Affirmed.*

Miller & Ricks, for Appellant.

Where a stipulation in a policy merely constitutes the mortgagee an appointee to receive the proceeds for and on account of the insured, subject to compliance by the insured, with the conditions essential to recovery by him, if by reason of noncompliance with such conditions the insured cannot recover, the mortgagee cannot do so. (*Warbasse v. Sussex County Mut. Ins. Co.,* 42 N. J. L. 203; *Grosvenor v. Atlantic Fire Ins. Co.,* 17 N. Y. 391; *Hamburg-Bremen Fire Ins. Co. v. Ruddell,* 37 Tex. Civ. App. 30, 82 S. W. 826; *Longfellow v. National Fire Ins. Co.,* 102 Kan. 473, 170 Pac. 813; 14 R. C. L. 1037, and note 11; *Stockton Nat. Bank v. Home*

Publisher's Note.

6. Payment of loss to mortgagee under loss payable clause, see note in 21 A. L. R. 1464.  See, also, 14 R. C. L. 1367.

7. See 14 R. C. L. 915.

See Fire Insurance, 26 C. J., sec. 3, p. 20, n. 24; p. 21, n. 26; p. 22, n. 27; p. 23, n. 28, 31; sec. 23, p. 37, n. 67, 77; p. 38, n. 78; sec. 279, p. 230, n. 24; sec. 281, p. 231, n. 51; sec. 286, p. 234, n. 8; sec. 499, p. 391, n. 21; sec. 507, p. 393, n. 54; p. 294, n. 59; sec. 519, p. 406, n. 58; sec. 588, p. 438, n. 45; p. 349, n. 45, 46.

Insurance, 32 C. J., sec. 147, p. 1069, n. 58; p. 1070, n. 59; sec. 204, p. 1111, n. 62, 63; sec. 259, p. 1148, n. 47; sec. 262, p. 1151, n. 80, 81, 82, 84; p. 1152, n. 88; sec. 598, p. 1332, n. 47, 59; 33 C. J., sec. 682, p. 24, n. 15; p. 25, n. 16.

New Trial, 29 Cyc., p. 938, n. 47; p. 979, n. 74, 77; p. 1003, n. 8.

*Ins. Co.*, 106 Kan. 789, 189 Pac. 913, 11 A. L. R. 1304; *Southern States Fire & Casualty Co. v. Napier*, 22 Ga. App. 361, 96 S. E. 15; *New Brunswick Fire Ins. Co. v. Morris Plan Bank*, 136 Va. 402, 118 S. E. 236; *Fidelity Phenix Fire Ins. Co. v. Cleveland*, 57 Okl. 237, 156 Pac. 638.)

The respondent, in order to recover, must have an insurable interest in the crop of wheat, both at the time of the insurance and at the time of the loss. (Note, 52 L. R. A. 332; *Chrisman v. State Ins. Co.*, 16 Or. 283, 18 Pac. 466.)

The transfer or sale of the grain by Barnhart and White to Maughan, more than one month prior to the time of the claim of loss by the respondent, avoided the policy, because the continued validity of the policy depended upon the performance by Barnhart and White of the conditions embraced therein. (Note, 18 L. R. A., N. S., 199 et seq.)

H. W. Soule and Soule & Spalding, for Respondent.

Taking steps for adjustment waives proof of loss. (*Condon v. Des Moines Mont. Hail Assn.*, 120 Iowa, 80, 94 N. W. 477; *Aetna Ins. Co. v. Simmons*, 49 Neb. 811, 69 N. W. 125; *Cushing v. Williamsburg City Fire Ins. Co.*, 4 Wash. 538, 30 Pac. 736.)

Agent entrusted to adjust loss has power to waive notice and proof. (*Lake v. Farmers Ins. Co.*, 110 Iowa, 473, 81 N. W. 710; *Gristock v. Royal Ins. Co.*, 84 Mich. 161, 47 N. W. 549; *Allen v. Phoenix Assur. Co.*, 12 Ida. 653, 10 Ann. Cas. 328, 88 Pac. 245, 95 Pac. 829, 8 L. R. A., N. S., 903.)

Stipulations of the policy requiring notice and proofs of loss and prescribing the form and requisites thereof are expressly waived, either wholly or in part, where the company, through an authorized officer or agent, gives insured a direct and explicit assurance that all or some of them need not be complied with or that he has sufficiently complied with them. (*Ramirez v. United Firemen's Ins. Co.*, 46 Cal. App. 451, 189 Pac. 309; *Hartford Fire Ins. Co. v. Landfare*, 63 Neb. 559, 88 N. W. 779.) Mortgagee is entitled to benefit of waiver even though waiver is made only with reference to

mortgagor.   (*State Ins. Co. v. Ketcham,* 9 Kan. App. 552, 58 Pac. 229; *Nickerson v. Nickerson,* 80 Me. 100, 12 Atl. 880.)

A surety for the payment of a debt for which property is also held as security has an insurable interest in the property.   (*Hartford Fire Ins. Co. v. Keating,* 86 Md. 130, 63 Am. St. 499, 38 Atl. 29; *Caley v. Hoopes,* 86 Pa. 493; *Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743, 58 Am. St. 719, 67 N. W. 774; *Mahoney v. State Ins. Co.,* 133 Iowa, 570, 110 N. W. 1041.)

It was the bank's duty to pursue its remedy against the insurance company to the end.   (*Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63.)

Where the insurance exceeds the mortgage debt the mortgagee may sue alone for his interest and as trustee for the mortgagor as to the excess.   (*Cone v. Niagara Fire Ins. Co.,* 60 N. Y. 619; *Clinton v. Hope Ins. Co.,* 45 N. Y. 454; *Kent v. Aetna Ins. Co.,* 84 App. Div. 428, 82 N. Y. Supp. 817; *Georgia Home Ins. Co. v. Leaveston* (Tex. Civ. App.), 33 S. W. 579.)

The courts of this state have never allowed technical objections to prevail over a valid insurance contract, nor favored a forfeiture of the policy where the construction to be given to a contract is doubtful.   (*McKune v. Continental Casualty Co.,* 28 Ida. 22, 154 Pac. 990; *Douville v. Pacific Coast Casualty Co.,* 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506.)

BUDGE, J.—Respondent bank brought this action to recover under an insurance policy issued by appellant insurance company upon a certain crop of grain.   For convenience the respondent will hereinafter be referred to as the bank and appellant as the company.

In June, 1920, one Maughan owned a tract of land near Rexburg and contracted to sell the same to parties named Barnhart and White, who went into immediate possession thereof.   At the time the contract was entered into Maughan was indebted to the bank in the sum of $2,475 upon two promissory notes which were secured by crop mortgage, and

43 Idaho—15

Barnhart and White agreed to assume the obligations of Maughan to the bank and accordingly indorsed the notes. In order to protect its interest in the crops then growing on the land, the bank was desirous of having the same insured against drought, and, under an arrangement it had with the local agent of the company, wrote up an application for insurance which was signed by Barnhart and White and upon which a policy was in due course issued by the company.

The policy insured the persons named in the application against loss or damage to the crops described when caused by the elements, including drought, in the sum of $3,040, the loss, if any, to be payable to the bank, mortgagee, as its interest might appear. The terms of the policy made the written application a part thereof. Other pertinent terms and conditions of the policy were as follows:

That any indorsements, assignments or changes in it without the consent of the company indorsed thereon should render the entire policy null and void; that the company was not to be liable thereunder for failure on the part of the assured to harvest the crops insured; that in every case where loss or damage occurred within the provisions of the policy the assured should, within ten days after such loss or damage occurred or became apparent, send by registered mail to the company at San Francisco notice of such loss or damage; that in the event of loss or damage to the crops from any cause within the coverage of the policy which would warrant their abandonment without further effort or expense on the part of the assured to cultivate, protect and harvest the same, the assured might elect to reseed the land to other crops, but should furnish the company certain designated information concerning such intention within ten days after such loss or damage occurred or became apparent; that if at the time of threshing, the assured claimed loss or damage to the crops, there should be sent to the company within five days after such grain had been threshed a sworn statement giving certain data with respect to the amount and kind of grain threshed, the market value thereof, etc.; that a

statement of proof of loss should be furnished the company within thirty days after the happening or ascertainment of any loss,—failure to notify the company of loss and to furnish proof thereof as prescribed to render the entire policy null and void; and that no act or statement on the part of any agent, adjuster or other representative of the company should waive or dispense with the obligations of the assured to furnish a statement in proof of loss.

In August, 1920, some two months after the contract of sale for the property had been entered into, Maughan, the original owner, repossessed the same, the vendees and insured herein, Barnhart and White, executing assignments to him whereby they relinquished all right to the property and agreed that Maughan was to have immediate possession thereof and to harvest the crops. Maughan did thereafter harvest the crops and the proceeds derived from the sale thereof, $1,121.63, were turned over to the bank to apply on the mortgage indebtedness.

After the grain had been threshed the local agent of the company at Rexburg was informed that a loss was claimed under the policy by reason of drought, and he wrote to the company at San Francisco advising that Barnhart and White claimed a partial loss under the policy and had harvested the crop, and that as soon as the correct weight of the grain could be ascertained affidavits would be sent. The company acknowledged this letter, saying that it awaited the affidavits mentioned. Later the agent received a letter from the company stating that it had received a communication from him advising it of the amount of grain obtained from the acreage insured, and that it would not be necessary to forward further data concerning the claim; that the company would consider that the assured had complied with the policy conditions, and that the claim was being referred to its adjuster who would doubtless be in that locality in a short time. Thereafter an adjuster of the company was in Rexburg, and the agent testified that affidavits were made by Maughan and furnished to the adjuster. The agent

further testified that blanks for proof of loss were filled out and given to the adjuster.

The cashier of the bank testified that he received a check from Maughan in the sum of $1,121.63 and applied the same on the notes which had been indorsed by Barnhart and White, and that after the application of this amount on the notes there remained due thereon $1,399.80, but that at the time of the trial the indebtedness had been reduced so that there remained due on the notes $460.50.

The trial resulted in a verdict for the bank in the sum of $1,399.80, upon which judgment was entered in the sum of $1,725.40, constituting the amount found to be due in the verdict together with interest from the date the loss was sustained to the crops until the date of entry of the judgment. From the judgment so entered and an order denying a motion for new trial this appeal has been taken by the company.

[1, 2] Notice of motion and motion for new trial were filed, the motion reciting that a new trial was asked for, *inter alia*, upon the ground of newly disclosed evidence, and that said motion would be based upon specifications of insufficiency of the evidence, upon the files and records in the cause and upon the minutes of the court. After more than three months from the date of filing the notice and motion for new trial affidavits were filed in support thereof. C. S., sec. 6890, provides that if the motion is to be made upon affidavits the moving party must, within ten days after serving the notice, or such further time as the court in which the action is pending may allow, file such affidavits with the clerk and serve a copy upon the adverse party. The record does not contain any extension of time within which affidavits might be filed, and in the absence of any showing of extenuating circumstances there would seem to be no authority for considering such affidavits in connection with the motion for new trial; *a fortiori*, neither the notice of motion nor motion for new trial specified that the motion would be made upon affidavits, as required by the section of the statute above referred to, and it has been held in such case that

it is improper to file affidavits, and if filed, the same should be stricken from the record. (*Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55.) It may be said, however, that these affidavits have been examined, and it is not felt that the statements therein contained affect the ruling of the trial court in denying the motion.

[3] One of the important questions presented for determination is whether the assignments of Barnhart and White, the insured, to Maughan, whereby the former parted with all right and interest in the property, constituted a violation of the terms of the policy as to relieve the company from all liability thereunder.

There would seem to be nothing in the policy which would prevent a recovery under it if ownership in the land were transferred. In other words, there is no restraint placed upon the insured as to alienation of the land, and no clause in the contract of insurance, such as is found in some insurance policies, that recovery under it would be dependent upon ownership or possession of the premises by the insured at the time loss or damage was sustained.

[4] The company earnestly contends that the assignments of Barnhart and White to Maughan were an abandonment of the crops which avoids the contract of insurance, and that the failure of the insured personally to harvest the crops defeats recovery. We think a fair, reasonable and sensible construction of the terms of the policy is a refutation of such contention. The term ''abandonment'' as therein used has reference to and means, we think, a desertion or forsaking of the crops without further effort to have the same cultivated, protected and harvested. The policy does not require the assured personally to harvest the crops, but provides rather against their failure to be harvested. The crops were, the evidence shows, properly protected and harvested, and the proceeds derived therefrom applied in reduction of the loss. In these respects the policy does not warrant the strained and technical interpretation sought to be placed upon it by the company, and its contention must fail. (See 32 C. J., sec. 259, p. 1148 et seq.)

[5] It is further urged by the company that the requirements in the policy as to proof of loss were not complied with. As hereinbefore stated, after the loss occurred information concerning it was furnished to the agent at Rexburg and he advised the company that a loss was claimed. Thereafter a letter was received by the agent from the company in which it was stated that it would not be necessary to forward further data concerning the claim; that the company would consider that the assured had complied with the policy conditions. The question arises, therefore, as to whether such action on the part of the company and its agent was a waiver of the stipulations in the policy as to the furnishing of information in proof of loss. In the first place notice of loss was given to the agent and such notice transmitted to the company and by it accepted and acted upon, as will be observed by the correspondence passing between the two. But, the company says, the policy provides that no act or statement on the part of any agent, adjuster or other representative of the company shall waive or dispense with the obligations of the insured to furnish a sworn statement in proof of loss, etc. An insurance company may, however, waive any provision in a policy for its protection by acts or conduct of its agents, within the scope of their authority, and be estopped from availing itself of a violation of the terms of the policy, notwithstanding clauses in the policy to the effect that the company shall not be bound by any such conduct or representations of its agents. (*Douville v. Pacific Coast Casualty Co.,* 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Allen v. Phoenix Assur. Co.,* 14 Ida. 728, 95 Pac. 829; *Hanover Fire Ins. Co. v. Dallavo,* 274 Fed. 258; *People's Fire Ins. Assn. v. Goyne,* 79 Ark. 315, 9 Ann. Cas. 373, and note, 96 S. W. 365, 16 L. R. A., N. S., 1180; 32 C. J., sec. 147, p. 1069, and cases cited.) The company said, speaking through its manager of the crop department who had general supervision of crop insurance, that the company would consider that the assured had complied with the policy conditions and that it would not be necessary to furnish further data concerning the claim after having

acknowledged receipt of claim of loss.  Clearly it was the intention, as expressed in such unequivocal language, that the company would not require any further proof of loss to be furnished to it; and where its authorized officer had given this explicit assurance that such conditions need not be complied with, it amounted to and was an effectual waiver thereof.  (24 C. J., sec. 682, p. 24; *Ramirez v. United Firemen's Ins. Co.,* 46 Cal. App. 451, 189 Pac. 309; 5 Joyce on Insurance, sec. 3354, p. 5563.)

[6]  It is conceded that the bank as mortgagee had an insurable interest, and it may recover for itself to the extent of its mortgage debt, holding the surplus for the benefit of the mortgagors.  (26 C. J., 438, 439, and cases cited under notes 45 and 46; *Cone v. Niagara Fire Ins. Co.,* 60 N. Y. 619; Joyce on Insurance, sec. 1031, p. 2114; *Lewis v. Guardian Fire & Life Ins. Co.,* 181 N. Y. 392, 106 Am. St. 557, 74 N. E. 224; *Georgia Home Ins. Co. v. Leaveston* (Tex. Civ. App.), 33 S. W. 579; 2 Wood on Fire Insurance, 2d ed., p. 1124.)

Complaint is made on the part of the company of the giving of a number of instructions by the trial court, but taking all the instructions together and considering them as a whole, we do not think the company suffered any prejudice in that respect.

The evidence being sufficient to sustain the verdict, and judgment based thereon, and failing to find any prejudicial error in the proceedings had in the lower court, it follows that the judgment should be affirmed, and it is so ordered. Costs to respondent.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.

(February 22, 1927.)

ON PETITION FOR REHEARING.

WM. E. LEE, C. J.—Although there is no provision in the policy of insurance prohibiting the alienation or change of the interest of the assured, it is earnestly and ably contended by appellant that when Barnhart and White assigned to Maughan the contract for the purchase of the land and "released" their interest in the insured crop, they thereby lost any and all rights under the policy to recover for loss to the insured crop and that the right of the bank to recover on the policy was no greater than that possessed by Barnhart and White.

[7]    As to the effect on the insurable interest of Barnhart and White of their transfer of the insured property, it may be said that one has an insurable interest in property who is benefited by its continuing to exist or suffers pecuniary loss by its damage or destruction, even though without title to the property, possession or right to possession thereof. (32 C. J. 1110, sec. 204; 26 C. J. 20, sec. 3; p. 228, sec. 279; 14 R. C. L. 915, sec. 92; 1 Cooley's Briefs on the Law of Insurance, 153 (i), 185 (b); *Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743, 58 Am. St. 719, 67 N. W. 774; *Lumbermen's Nat. Bank v. Corrigan,* 167 Wis. 82, 166 N. W. 650; *Warren v. Davenport Fire Ins. Co.,* 31 Iowa, 464, 7 Am. Rep. 160; *Herkimer v. Rice,* 27 N. Y. 163; *Norcross v. Insurance Companies,* 17 Pa. 429, 55 Am. Dec. 571; *Springfield F. & M. Ins. Co. v. Allen,* 43 N. Y. 389, 3 Am. Rep. 711; *Williams v. Roger Williams Ins. Co.,* 107 Mass. 377, 9 Am. Rep. 41; *Rohrback v. Germania Fire Ins. Co.,* 62 N. Y. 47, 20 Am. Rep. 451; *Buffalo & Co. v. Sun Mutual Ins. Co.,* 17 N. Y. 401.) Before the assignment, Barnhart and White had indorsed promissory notes to the bank, payment of which had been secured by a mortgage on the insured crop. On their transfer the crop remained subject to the lien of the mortgage. After parting with the crop, they remained

personally liable for the payment of any balance remaining due on the notes after the proceeds of the crop had been credited thereon. Barnhart and White, therefore, retained an insurable interest in the property, measured by the extent of their liability on the mortgage debt.

[8]   As to the right of the bank to recover, it is well settled that under this particular "loss payable clause" the bank was the appointee of Barnhart and White, and its right to recover is measured by that of Barnhart and White. (*Coffin v. Northwestern Mutual Fire Assn.*, 43 Ida. 1, 249 Pac. 89; *Hill v. International Indemnity Co.*, 116 Kan. 109, 225 Pac. 1056.)   As stated in the original opinion, the bank was entitled, as against appellant, to recover the amount of the loss.

We adhere to the original opinion.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.