## 18263

Irene A. KOLB, Administratrix of the Estate of W. L. Kolb,
Respondent, v. K. C. NASH, Appellant

(138 S. E. (2d) 417)

26

*Messrs. Jennings & Jennings,* of Bishopville, *for Appellant,*

*Messrs. Bryan & Bahmuller,* of Sumter, and *Lane & Laney,* of Bishopville, *for Respondent,*

October 14, 1964.

BRAILSFORD, Justice.

This is an action on a written contract whereby K. C. Nash listed with W. L. Kolb, as selling agent or broker, a 600 acre tract of timber land in Darlington County. The listing was for a term of six months from March 27, 1962, and the contract provided for the payment of a commission of 10% to W. L. Kolb should the property be sold by anyone during this term. The consideration recited was the broker's "advertising or otherwise using reasonable efforts to effect a sale." After issue joined and before trial, Kolb died, and his administratrix was substituted as plaintiff. The case was tried before a jury, and all issues were resolved in favor of the substituted plaintiff by direction of the court. Nash appeals on exceptions which challenge the sufficiency of the evidence to establish plaintiff's right to a judgment as a matter of law, and which charged error in striking the affirmative defense of accord and satisfaction from the answer.

The complaint alleges that during the term of the contract and while Kolb was engaged in the performance thereof, Nash on July 9, 1962, without any notice to Kolb, sold the listed property to Darlington Veneer Company, Inc., for $62,000.00, and has refused to pay Kolb the commission to which he is entitled under the contract.

It is stipulated by the parties that the first defense of the answer "in effect constitutes a general denial." We accept

this characterization of the first defense without necessarily subscribing to its accuracy.

The second defense, as already indicated, is by way of confession and avoidance. The material facts alleged in the complaint are admitted, but liability is denied upon the allegation that the written contract was rescinded by the parties, in consideration of which Nash agreed to, and did, pay "for the cruising of the timber on said land."

Of ten exceptions taken by appellant, only the first, third, fourth and tenth have been argued in the brief. Those not argued are deemed abandoned.

The first and fourth exceptions are argued together to the sole point that there was insufficient evidence to prove the execution of the contract sued upon. The contract was first offered in evidence during the examination of Mrs. Kolb, after she had identified the document as "a contract that Mr. Nash gave (her) husband." At that time, counsel objected, as follows: "If Your Honor pleases, we object to the document going in evidence, in that it has not been proven to be anything having any bearing whatever in this case." Thereupon, the court suggested that the witness be asked "a little more about it." After the witness had testified that the document had been found in decedent's office files, that it had come into her hands as an asset of his estate, that she recognized the decedent's signature on the document, and that it bore the same date as that alleged in the complaint, the contract was received in evidence without further objection or notice that counsel insisted upon the original objection despite the intervening testimony.

The point now argued is that the contract was admitted in evidence without due proof that it was executed by the defendant. As has been seen, the objection made at the trial went to the relevancy of the document, rather than to its authenticity. The two are not equivalent terms, and the objection for failure to prove due execution, not having been timely raised, was waived. The contract having been

properly admitted into evidence, there was no error in overruling the ground of defendant's motions for nonsuit and directed verdict which was based upon the claimed failure of proof of execution of the contract.

The next point argued by appellant is that the Court erred in not submitting to the jury the question of whether plaintiff had substantially complied with his obligation under the contract by "advertising or otherwise using reasonable efforts to effect a sale of the property." We find no merit in this contention. Without going into details, the only reasonable inference from the evidence is that Kolb undertook in good faith and with due diligence to find a purchaser for this property at a price satisfactory to Nash. He wrote more than one hundred letters to individuals and firms engaged in the lumber industry or related businesses, and engaged in personal conferences and discussions. Inferentially, other forms of advertisement were employed. Finally, Kolb invited and received sealed bids which were opened at his office on June 21, 1962. Sonoco Products Company and Darlington Veneer Company were among the firms to which Kolb furnished information about the availability of the property and from which he invited bids. Sonoco submitted the high bid of $61,974.00. Darlington Veneer submitted a much lower bid. Both firms complied with the terms of sale furnishing cashiers checks for 5% of the amount bid. Nash rejected the high bid, indicating to those present that he would not sell for less than $92,000.00. Within three weeks after rejecting Sonoco's bid, Nash, without notice to Kolb or to Sonoco, conveyed the property to Darlington Veneer Company for $62,000.00. In short, Nash sold this property to a purchaser whose interest in it, according to the only evidence on the point, was engendered by the efforts of Kolb as selling agent, at a price substantially the equivalent of what another interested party produced by Kolb was ready and willing to pay, with more than two months of the term of the exclusive listing remaining. Under these facts, Kolb would have earned commissions as the

procuring cause of the sale, even without the express promise to pay upon a sale by any person during the term of the contract. *Goldsmith v. Coxe,* 80 S. C. 341, 61 S. E. 555. There was no issue for the jury as to the sufficiency of Kolb's performance of his obligation under the contract. Under the only testimony on the point, he not only exerted reasonable efforts to effect a sale, he produced a purchaser willing to pay a price accepted by the owner.

The tenth exception charges error in striking the affirmative defense of accord and satisfaction from the answer, the error being that there was sufficient testimony to require submission to the jury of the question of "whether or not a new contract was entered into superseding the contract sued upon. * * *" The only testimony relied upon as tending to establish a rescission of the contract is that of the witness Marcus Stone as to a conversation which allegedly took place between Kolb and Nash after the bids were opened and rejected. We quote the pertinent portion of this testimony.

"Q. Now Mr. Stone, tell the Judge and the jury exactly what this conversation between Mr. Nash and Mr. Kolb was.

"A. Well they had the sale and three people bid on it. And then after they bid they rejected the bids, and Mr. Kolb and Mr. Nash sat down and they opened up something, said they had to have ninety odd thousand dollars for it and rejected the bids, and the other parties took their checks and left. I stayed. And Mr. Kolb seemed to be much disappointed about not making the sale. * * * I heard Mr. Kolb say, I got a lot of expense in here, radios and newspapers' expense and the cruising of the timber, he says what are you going to do about that, Mr. Nash. Mr. Nash says, I think I can work it out with you and pay you for that. He said, well that will be satisfactory. And if you will pay me these expenses we will call it a day. And he went on to say, I am sorry we could not make a deal and sell the property for you, better luck next time.

"Q. In other words he had said that if Mr. Nash would pay the timber cruiser that would end the contract?

"A. That is what he said, I was standing in about four feet of him."

Note that Stone did not testify to an exchange of ██ promises resulting in a new contract. Under this testimony a jury issue as to rescission could arise only upon evidence of performance by Nash of the conditions on which Kolb allegedly agreed to rescind. To establish such performance, Nash relies, alone, upon the testimony of one V. R. Stogdale. This witness testified that at some undisclosed time in the past, he was engaged by Nash to cruise a tract of timber. He dealt only with Nash, to whom he made his report and looked for payment, and who did pay him after the service had been performed. He did not know Kolb in the transaction, never discussed the cruise with him, did not give him a report and would not have accepted payment from him.

This testimony has no tendency to establish that Nash furnished the consideration on which Kolb agreed to a rescission of the contract. In our view, it shows only that Nash discharged his own obligation to pay Stogdale for services rendered at his request, at some undisclosed time in the past, and which services are not connected by evidence with the contract between Nash and Kolb. There is nothing in the testimony to connect the payment to Stogdale with any expense incurred by Kolb for a timber cruise, nor to indicate that Kolb did not in fact incur such an expense. Hence, there is no testimony that Nash met, in whole or in part, the conditions on which Kolb allegedly agreed to a rescission. In the absence of such testimony, there was no issue for submission to the jury.

The only remaining question argued in the brief is ██ not supported by an exception and raises no issue for determination by us.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.