## 18884

Zelphia H. REID, W. C. Reid and Milford E. Tollison, Respondents, v. HARDWARE MUTUAL INSURANCE INSURANCE COMPANY OF The CAROLINAS, INC., Appellant.

(166 S. E. (2d) 317)

340

*Messrs. Haynsworth, Perry, Marion & Johnstone,* of Greenville, *for Appellant, Hardware Mutual Insurance Company of the Carolinas, Inc.,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for the Respondents,*

March 3, 1969.

Moss, Chief Justice.

Hardware Mutual Insurance Company of the Carolinas, Inc., the appellant herein, on May 22, 1964, issued a fire insurance policy to Zelphia H. Reid and W. C. Reid, in the amount of $5,000.00, insuring against loss or damage by

fire, for a five year period, a one story frame dwelling located in Conestee, South Carolina, owned by Zelphia H. Reid, the respondent herein, with a mortgage clause payable to the Peoples National Bank of Greenville, South Carolina, as trustee for the Pickens Mill Profit Sharing Fund, which held a first mortgage on the lot on which the insured dwelling was located. The building insured was described in the policy as being one story frame constructed, approved roof, owner occupied, one family dwelling. The record shows that on August 18, 1965, the respondent conveyed the said lot on which the dwelling was located to Milford E. Tollison, the deed reciting a consideration of One Dollar and the assumption of the aforesaid mortgage. The policy was not transferred with the property and Zelphia H. Reid and W. C. Reid remained the named insureds therein. The dwelling described in said policy was destroyed by fire on December 18, 1965, and at such time the balance of the mortgage debt owed by the respondent was $1,647.56. The appellant was notified of the loss of said dwelling by fire and demand for payment by the insureds under the aforesaid policy was made and such was refused.

This action was instituted by Zelphia H. Reid, in which she was joined by W. C. Reid because he was named an insured in the policy, and by Milford E. Tollison, the title owner of said property at the time of its loss by fire, demanding judgment against the appellant under the said policy for the sum of $5,000.00. By its answer, the appellant set up as defenses: (1) Material prejudice as a result of the failure of the insured and the mortgagee to notify it of the change in ownership and other changes in conditions of the insured premises; (2) A denial that Zelphia H. Reid and W. C. Reid had any insurable interest in the insured dwelling because they had conveyed the title to said property to Milford E. Tollison, and it was further denied that Tollison was an insured under said policy; (3) That any interest retained by Zelphia H. Reid and W. C. Reid was predicated upon a remote contingent liability and upon which they had

sustained no loss; (4) That to permit Zelphia H. Reid, the original mortgagor, to recover in this case would be against public policy and would result in allowing recovery on a wagering contract; and (5) That the aforesaid policy was void *ab initio* because the policy was written upon the basis that the dwelling was owner occupied and it was incumbent upon the respondent to notify the appellant of any change in occupancy because such was material to the risk.

This case came on for trial before the Honorable James H. Price, Jr., Judge of the Greenville County Court, and was, by agreement of counsel, tried before him without a jury. Testimony was taken and a stipulation was agreed upon by counsel as to the testimony that would have been given by another witness if present. Thereafter, the trial judge filed his order in which he held that there was no coverage under the aforesaid policy as to Milford E. Tollison because of the failure of notification of change of ownership. He did hold, however, that the appellant was liable to Zelphia H. Reid in the amount of $1,647.56, being the balance of the mortgage debt due by her at the time of the fire. It is from this order that the appellant prosecutes this appeal.

It is the position of the appellant that the trial judge committed error in holding that Zelphia H. Reid, who had conveyed the mortgaged-insured premises, continued to have an insurable interest therein where she remained liable for the payment of the note secured by the aforesaid mortgage.

The insurable interest that a mortgagor has in real property is not defeated by a voluntary sale and conveyance of the premises as long as he is personally liable for the payment of the mortgage debt. In the case of *Crook v. Hartford Fire Ins. Co.,* 175 S. C. 42, 178 S. E. 254, this court said:

"It may be said, generally, that anyone has an insurable interest in property who derives a benefit from its existence or would suffer loss from its destruction." 14 R. C. L., 910.

"An insurable interest in property is any right, benefit or advantage arising out of or dependent thereon, or any liability in respect thereof, or any relation to or concern therein of such a nature that it might be so affected by the contemplated peril as to directly damnify the insured. Joyce on Insurance (2d Ed.) § 887."

Many cases hold that a mortgagor who has sold the premises, being still liable for the mortgage debt, has an insurable interest in the property. *Lumberman's Nat. Bank v. Corrigan,* 167 Wis. 82, 166 N. W. 650; *Farmers & Merchants Bank v. Hartford Fire Ins. Co.,* 43 Idaho 222, 253 P. 379; *Hanover Fire Ins. Co. v. Bohn,* 48 Neb. 743, 67 N. W. 774; *American Ins. Co. v. Dean,* Mo. App., 243 S. W. 415; *Baughman v. Niagara Fire Ins. Co.,* 163 Minn. 300, 204 N. W. 321. In the *Baughman* case it was held that because of the plaintiff's liability on the mortgage note to the bank he had an insurable interest in the property, even though his grantee had assumed the mortgage. In the *Dean* case it was held that where an owner had conveyed the insured premises and was not released from the payment of the mortgage indebtedness thereon he retained an insurable interest in the property conveyed, as a loss thereof would affect his liability on the note.

It is our conclusion that Zelphia H. Reid had an insurable interest in the property that was destroyed by fire because she remained liable for the payment of the note, which was secured by a mortgage to the bank.

It is the position of the appellant that since the respondent had no insurable interest in the property that to allow a recovery on the policy would be to enforce a wagering contract. A wager policy has been defined as one made when the insured has no insurable interest. *Batchelor v. American Health Ins. Co.,* 234 S. C. 103, 107 S. E. (2d) 36. Having found that the respondent here and an insurable interest and that she could sustain a loss by the happening of the event against which the respondent had

issued its policy of fire insurance, the said policy contract cannot be classified as a wagering one.

Among the conditions attached, and under the title "Conditions suspending or restricting insurance" there was stated: "Unless otherwise provided in writing added thereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; * * *."

The appellant contends that it is not liable for the fire loss that occurred because there was an increase in the hazard insured against by reason of the respondent's conveyance of the insured property to a third party who made certain improvements and repairs thereto and converted the premises to rental property.

The record shows that following the conveyance of the insured premises by the respondent to Milford E. Tollison that he placed a new roof on the dwelling and installed a hot water heater, water piping, new windows, bath fixtures and new water pump and tank. It also appears that after such repairs and improvements had been made that the dwelling was occupied by a tenant. The trial judge held that the record is devoid of any basis for a finding or conclusion that the hazard insured against was increased by the conveyance of the insured premises to Tollison or the improvements and repairs made thereto by him and its conversion to rental property. This finding of fact by the trial judge has the same force and effect as the verdict of a jury unless the evidence is reasonably susceptible of the opposite conclusion only. *Crook v. State Farm Mut. Ins. Co.*, 235 S. C. 452, 112 S. E. (2d) 241. We have carefully examined the record in this case and find that there is ample evidence to support the conclusion of the trial judge.

The policy with which we are concerned provided that the same would be void if the insured willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof

or the interest of the insured therein. The trial judge has found that the appellant did not contend that the insured willfully concealed or misrepresented any material fact but asserted that under the foregoing provision it was entitled to notice of the change in ownership. The policy does not so provide but only makes such policy void in the event the insured willfully concealed or misrepresented any material fact. The record is devoid of proof that the respondent willfully concealed or misrepresented any material fact.

The final question for determination is whether the designation, at the time the policy was issued, that the insured dwelling was "owner occupied" was a continuing warranty.

A warranty, in the law of insurance, is a statement, description, or undertaking on the part of the insured, appearing in the policy of insurance or in another instrument properly incorporated in the policy, relating contractually to the risk insured against. Generically, warranties are either affirmative or promissory. An affimative warranty is one which asserts the existence of a fact at the time the policy is entered into, and appears on the face of said policy, or is attached thereto and made a part thereof. A promissory warranty may be defined to be an absolute undertaking by the insured, contained in a policy or in a paper properly incorporated by reference, that certain facts or conditions pertaining to the risk shall continue, or that certain things with reference thereto shall be done or omitted. 29 Am. Jur., Insurance, Sections 708 and 709. While it is generally recognized that a warranty may be "promissory" or "continuing", the tendency is to construe a statement in the past or present tense as constituting an affirmative rather than a continuing warranty. Thus, a description of a house in a policy of insurance, as "occupied by" the insured, is a description merely and is not an agreement that the insured should continue in the occupation of it. *Joyce v. Maine Ins. Co.*, 45 Me. 168. *O'Niel v. Buffalo Fire Ins. Co.*, 3 N. Y. 122. A statement in an insurance policy that the property is

occupied by the insured as a dwelling for himself and family, is not a warranty that it shall continue to be so occupied but is only a warranty of the situation at the time the insurance is effected. *German Ins. Co. v. Russell,* 65 Kan. 373, 69 P. 345, 58 L. R. A. 234.

There is no provision in the policy contract that the dwelling would be "owner occupied" during the term of the insurance contract nor any requirement that if the premises are otherwise occupied than by the owner, notice of such change of occupancy or use would be given to the insurer.

The insurance contract here involved contained a description of the dwelling insured as being "owner occupied". This was an affirmative warranty, not a continuing warranty, by the respondent that the dwelling was so occupied by him at the time the contract of insurance was made. The appellant argues that a breach of the warranty as to occupancy at the time the contract of insurance was made would defeat a recovery by the respondent. Even though this question is argued in the brief it is not supported by an exception and raises no issue for determination by us. *Kolb v. Nash,* 245 S. C. 25, 138 S. E. (2d) 417. We have stated many times that we cannot consider a question which is not properly raised by an appropriate exception. *Priester v. Brabham,* 230 S. C. 201, 95 S. E. (2d) 167. It is our conclusion that the representation by the respondent that the insured dwelling was owner occupied at the effective date of the insurance contract was not a continuing warranty but an affirmative one.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.