1252

Frank PETEET, D/B/A Peteet Company, Appellant v. Bill J. FOGARTY and Regina H. Fogarty, Respondents.

(375 S. E. (2d) 527)

Court of Appeals

*Eugene S. N. Lawrimore*, Georgetown, *for appellant.*

*James B. Moore, Jr.*, of Georgetown, and *Clarence Davis*, Columbia, *The McNair Law Firm, for respondents.*

Heard Oct. 18, 1988.

Decided Nov. 28, 1988.

SHAW, Judge:

Appellant, Frank Peteet, D/B/A Peteet Company, sought to foreclose his architect's lien on property owned by respondents, Bill J. and Regina Fogarty. The Fogartys counterclaimed for breach of contract, seeking a return of fees paid to Peteet. From a final order of the special referee dismissing Peteet's complaint and entering judgment for the Fogartys in the amount of $10,000 plus costs of action, Peteet appeals. We affirm.

In September of 1985, the Fogartys met with Peteet to discuss designing a house for a lot owned by Mrs. Fogarty in North Litchfield Beach. Mr. Fogarty testified they discussed their budget, specifically that the lot cost $67,000 and the house and lot together should not exceed $200,000 as no other house in the area either listed or sold for more than $198,000.

In a letter dated October 1, 1985, Peteet outlined his fees for the proposed design project. The total fees were to be 10% of the construction cost. The Fogartys were to pay an immediate down payment of $1,000 with 40% due upon completion of the design phase, 80% due upon completion of the construction documents phase and 100% due upon completion of the construction administration phase. In a letter dated October 10, 1985, the Fogartys confirmed Peteet's proposal of October 1, 1985, and enclosed a check for $1,000 for the down payment. In this letter, the Fogartys specified a "$100,000 raw construction cost recognizing that such is probably a not-less-than number before architectural, landscaping and low level finish areas."

Around March 6, 1986, the parties met at which time Peteet showed the Fogartys some design drawings. On March 10, 1986, the Fogartys sent Peteet a letter enclosing a $3,000 check bringing the total payment to $4,000. Mr. Fogarty testified that, up to this point, there were no problems.

In May of 1986, the Fogartys met with Peteet again and paid him an additional $6,000. Mrs. Fogarty testified Peteet showed them basically the same plans at this meeting. Mr. Fogarty stated he was not happy about paying the $6,000 in May because he thought it was an overpayment, but agreed to pay it to Peteet because he was desperate.

On July 8, 1986, Peteet sent a letter to the Fogartys stating an additional $5,000 was due. Mr. Fogarty testified he discussed this letter in a telephone conversation with Peteet noting he had not seen anything in the way of plans and the $5,000 fee request made no sense as the house could not cost more than $150,000. Mr. Fogarty confirmed this conversation in a letter dated July 14, 1986, stating the prior payments represented an over payment and reiterating his position that the house should not cost over $150,000. On October 13, 1986, the parties met for the last time at which point Peteet informed Mr. Fogarty he had gotten a bid of $307,000 on the plans.

Peteet contends the special referee erred in finding a maximum cost of $150,000 had been set by the owners.

He argues the evidence does not support this finding. The findings of fact of the special referee will not be disturbed unless found to be without evidence which reasonably supports the findings. *May v. Hopkinson,* 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986). The various letters between the parties and testimony regarding conversations between the parties are more than adequate to support the findings of the special referee.

Peteet claims the special referee applied the "strict version" instead of the "relaxed version" of the rule of law concerning architects' entitlement to compensation. We disagree.

In his order, the special referee discussed two rules applied by other jurisdictions in a situation such as this. He noted that South Carolina had applied the more relaxed rationale and cited *Beacham v. Greenville County,* 218 S. C. 181, 62 S. E. (2d) 92 (1950) as authority. Under *Beacham,* our Supreme Court held generally, where an architect is employed to prepare plans for a building to cost no more than a certain sum, or on condition that the building can be erected for a certain sum, the architect is not entitled to compensation unless the building can be constructed for the stipulated amount except where the cost agreed upon by owner and architect was not substantially exceeded. We hold the special referee properly applied the relaxed standard and the facts of this case support a finding that the $307,000 bid substantially exceeds the $150,000 maximum cost.

Peteet also argues that in order for this rule to apply, the cost excess must not be attributable to the owner's actions. This point has not been decided in South Carolina. Peteet did not raise this point by exception. *See Reid v. Hardware Mutual Ins. Co. of Carolinas*, 252 S. C. 339, 166 S. E. (2d) 317 (1969). Further, we find no evidence in the record the cost excess was attributable to the Fogartys. We therefore decline to discuss this issue.

Finally, Peteet maintains the special referee erred in awarding the Fogartys judgment on their counterclaim. The special referee found the set of plans are worthless to the Fogartys. We agree. The record reveals the Fogartys could not affort to build the home envisioned by these plans and such a home would not be economically feasible for this piece of property. We hold it was within the discretion of the special referee to award the Fogartys the fees already paid for the useless plans as the architect breached their agreement by substantially exceeding the maximum cost.

For the foregoing reasons, the order below is affirmed.

Affirmed.

CURETON and LITTLEJOHN, JJ., concur.