23393

ESTATE OF Sylvia COVINGTON by Rosa Mae MONTGOMERY, Personal Representative, Appellant v. AT&T NASSAU METALS CORPORATION, Employer and Self-Insurer, Respondent.

(405 S.E. (2d) 393)

Supreme Court

*Kellum W. Allen,* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen, P.A.,* West Columbia, *for appellant.*

*Kay G. Crowe* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for respondent.*

Heard March 6, 1991.

Decided May 6, 1991.

CHANDLER, Justice:

Rosa Mae Montgomery (Montgomery) appeals an Order holding that Respondent, AT&T Nassau Metals Corporation (AT&T Nassau), is not liable for payment of Workers' Compensation benefits to the Estate of Sylvia Covington, deceased.

We affirm.

## FACTS

The decedent, Covington, Montgomery's daughter, injured her back while working for AT&T Nassau. She filed a Workers' Compensation claim but, prior to its adjudication, was killed in a nonwork-related automobile accident.

At the time of her death, Covington had no next of kin de-

pendent upon her for support. Montgomery, as the Personal Representative and sole heir at law, was substituted as claimant in the proceeding.

The Single Commissioner held that the claim abated upon Covington's death as she had no one dependent upon her for support. Full Commission reversed, holding that the claim did not abate under the survival statute, S.C. Code Ann. § 15-5-90 (1976). Circuit Court reversed the Full Commission, finding the survival statute inapplicable to Workers' Compensation claims, and holding that the claim had abated.

### ISSUE

The sole issue is whether death abates a Workers' Compensation claim where an employee dies without dependents, from a nonwork-related injury.

### DISCUSSION

When an employee dies, compensation is governed by three sections of the Workers' Compensation Law (Act), to wit: (1) § 42-9-280 (death unrelated to work); (2) § 42-9-290 (death related to work); and (3) § 42-9-140 (decedent leaves no dependents).

Section 42-9-280 provides, in part:

> When an employee receives or is entitled to compensation . . . and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of *compensation shall be made to his next of kin dependent upon him for support,* in lieu of the compensation the employee would have been entitled to had he lived. (Emphasis supplied.)

Montgomery concedes that Covington's death was not work-related and that she left no next of kin dependent upon her for support.

Section 42-9-140, relating to an employee who dies without dependents, limits liability of the employer to those benefits enumerated in § 42-9-290, which addresses *work-related* injuries. Where the injury is work related, payment is made to certain designated survivors, irrespective of dependency.

Here, Montgomery, the mother, is not dependent, nor is the injury work-related. This renders the claim noncompensable.

Finally, Montgomery contends that the survival statute, S.C. Code Ann. § 15-5-90 (1976), is applicable to her claim. We disagree.

The Act is the exclusive remedy for injured employees, and "shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin . . . *at common law or otherwise* . . ." S.C. Code Ann. § 42-1-540. (Emphasis supplied.) As was stated with clarity in *Cook v. Mack's Transfer*, 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986) *cert. denied* 292 S.C. 230, 355 S.E. (2d) 861 (1987):

> The Workers' Compensation Act provides an exclusive system of compensation in derogation of common law rights and is not cumulative or supplemental thereto, but wholly substitutional. *Caughman v. Columbia YMCA*, 212 S.C. 337, 47 S.E. (2d) 788 (1948). The compensation afforded by the Act is statutory in character, and *the right of any claimant thereto is dependent upon the terms and conditions of the statute. Owens v. Herndon*, 252 S.C. 166, 165 S.E. (2d) 696 (1969); *Young v. Hyman Motors, Inc.*, 199 S.C. 233, 19 S.E. (2d) 109 (1942). *These include the procedures for adjudicating a compensation claim as well as the terms and conditions of substantive entitlement.* (Emphasis supplied.)

291 S.C. at 87, 352 S.E. (2d) at 298.

As was noted by the Circuit Court, the Act itself contains a survival provision in § 42-9-140 applicable only to work-related deaths. Had the General Assembly so intended, it could have included such a provision applicable to nonwork-related deaths.

We hold the general survival statute, § 15-5-90, inapplicable.

We do not address Montgomery's equal protection argument as it was not raised below. *Reid v. Hardware Mutual Insurance Co.*, 252 S.C. 339, 166 S.E. (2d) 317 (1969).

The judgment below is

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.